### STEELE et v SEGAL

Ohio Appeals, 4th Dist, Ross Co

Decided May 26, 1932

Edwin D. Ricketts, Logan, and John P. Phillips, Jr., Chillicothe, for plaintiffs.

J. D. Withgott, Chillicothe, and John A. Poland, Chillicothe, for defendants.

MAUCK, PJ.

There is no question that the plaintiffs and defendant owned the number of shares of stock claimed and that they had talked among themselves with reference to the sale of the same as a whole, and the two plaintiffs testify that Segal acted as their agent in the negotiations and sale. The claim that Segal was acting for the plaintiffs in consummating the deal that was eventually made is clearly not supported by the evidence. The only substantial fact supporting the testimony of the plaintiffs in that behalf is the contract of sale signed by Segal and Hitchcock, which, without explanation supports the view that Segal was acting for the plaintiffs and actually agreed to deliver to Hitchcock both his own and the plaintiffs' stock. While these are the express terms of the contract signed by Segal all the witnesses that had knowledge of the circumstances unite in giving an adequate explanation of the particular form that the contract took, and the contract as so explained is entirely consistent with the testimony of all of the defendant's witnesses, who unite in saying that Segal did not in fact act for the plaintiffs in consummating the deal.

The defendant's position in this controversy is strongly supported by the testimony of the plaintiff Tulleys. Tulleys testifies that Segal actually obtained a contract by which all of the parties were to receive $700 per share for their stock, but the sale was upon deferred payments and accompanied by so many and such complicated conditions that the plaintiffs refused to join in consummating the sale. He further testifies that at the time he received the check from Mr. Poland for his stock he was informed that Segal was dealing with the purchaser on his own account and was receiving from the purchaser some different consideration from that being paid to himself and Steele. He at that time made no question of Segal's right so to deal and with that knowledge accepted the check.

For the reason, therefore, that the plaintiffs have not shown any confidential relations existing between them and Segal, and for the further reason that they consummated the deal with knowledge that Segal was acting for himself and receiving a dif-

ferent consideration for his stock, the plaintiffs have no case.

Decree for defendant.

MIDDLETON and BLOSSER, JJ, concur.